RIVERS v. RIVERS.

1. FINDINGS OF FACT—AGREED STATEMENT.—This court will not disturb a finding of fact stated by the Circuit decree to have been agreed upon by counsel, where by agreement the Circuit decree is made a part of the "Case" without qualification, respondent claims that the disputed fact was so agreed to, and there is no evidence to the contrary.

2. SPECIFIC DEVISE—CHARGE.—Where a will devised property specifically to A, and directed further that A should keep his entire estate together during the life of testator's widow, and support her comfortably out of the proceeds of the estate, there was no error in holding

that the widow's support was primarily chargeable on the income of the property not specifically devised.

3. IBID.—IBID.—TRUSTEE.—And to this end the property not specifically disposed of by the will should be turned over by the executor to A, who is charged as trustee with such support.

4. LAPSE—DISTRIBUTION.—Where a will provides for testator's nephew, who dies before testator, the provision for him lapses, if not otherwise declared; and, there being no residuary clause, the lapsed estate is distributable under the statute of distribution.

5. IBID.—INTENTION OF WILL.—But there was no lapse in this case, although the nephew A died before testator after attaining his majority and leaving issue; for while the will provided in one clause only for the event of A's death before his majority or without issue, it elsewhere declared that if he died leaving infant heirs, another should "take charge of the property willed to A, and manage to best advantage until the eldest child of A becomes of age, when he is to be relieved of further care or control of said property," which disclosed testator's intention that the child of A should take A's portion, if A did not survive testator.

6. APPOINTMENT OF TRUSTEE provided for, and the terms and conditions of the trust declared.

Before NORTON, J., June, 1891.

The opinion fully states the case.

*Mr. E. F. Warren,* for appellant.

*Mr. W. S. Tillinghast,* contra.

April 25, 1892.   The opinion of the court was delivered by

MR. JUSTICE POPE.   Rebecca H. Rivers, as plaintiff, began her action in the Court of Common Pleas for Hampton County against C. M. Rivers, as executor, &c., of F. D. Rivers, deceased, Mary Ann Rivers, a minor, Jacob H. Rivers, J. M. Rivers, and Rebecca Matthews, as defendants, for the purpose of having the will of her husband, F. D. Rivers, construed, so that her interest thereunder might be ascertained and a trustee appointed to protect her estate.   The cause came on to be heard before Judge Norton on the pleadings, but inasmuch as the questions to be considered here relate almost exclusively to legal propositions, we think these can be made apparent by the reproduction of the

will in question, the decree pronounced, and the exceptions thereto. and the statement of a few facts.

In 1881, F. D. Rivers executed his will.   He died in 1890. His will provided: "Then I desire that my executor hereinafter named shall pay my just debts from my estate.   For and in consideration of the love and affection which I bore and have for my nephew, George Thomas Rivers, I give and bequeath to him my entire home tract of land where I live, containing two hundred and fifty-five acres.[1] * * * Together with my two mules, Dunk and Etta, my stock of neat cattle, the brand and mark; my whole stock of hogs, with mark; my entire stock of plantation tools, plows and gears, wagon, sugar mill, sugar boilers, household and kitchen furniture, and my entire stock of provisions on hand, together with my entire crop or crops that may be made or grown on my place this year.   It is further my will that my nephew, George Thomas Rivers, keep my entire property together during the life of my wife, or her widowhood, and 'tis further my last will and testament that my wife, Rebecca H. Rivers, remain as she now lives on my place at home during her natural life, or her widowhood, and that the said George Thomas Rivers is to protect and support her during such life comfortably out of the proceeds of my estate, without any trouble or expense to my wife; and in case my wife, Rebecca H. Rivers, and my nephew, George Thomas Rivers, cannot live agreeably, it is my will and pleasure that my nephew, George Thomas Rivers, provide a home for himself or my wife to live comfortably in on my place, and to continue to support and protect her during her natural life or her widowhood; and in case my wife should marry after my death, then all claims of protection or support from my nephew, George Thomas Rivers, shall cease, and all provisions in my will for her support cease, except that it is my will and pleasure that my wife take as her own all the cash money I have on hand after paying the expenses of making and harvesting my present crop.   It is further my will that should my nephew, George Thomas Rivers, die before he reaches the age of manhood, twenty-one (21) years, or die leaving no lawful issue after arriving at such age, it is further my will and pleasure that my nephew, Jacob Henry Rivers, take

---

[1] Designated in the will as tract "A" on a plat referred to.—REPORTER.

possession of my property or estate, hereinbefore named, and be my lawful heir; and should he get possession during the life of my wife or during her widowhood, every part and sentence of my will enjoined upon my nephew, George Thomas Rivers, for the support and protection of my wife during her natural life or widowhood, is as strictly enjoined upon my nephew, Jacob Henry Rivers. It is further my will and pleasure that my nephew, Jacob Henry Rivers, shall have the mule I bought him this year, and that any obligation given for it shall be cancelled. It is also my will that my nephew, W. M. D. Rivers, son of my brother, J. Martin Rivers, shall have in fee simple that tract of land I bought from my brother, J. Martin Rivers, and containing two hundred and twenty eight acres. * * * It is further my will and pleasure that should my nephew, W. M. D. Rivers, die before arriving of age (21 years), or after arriving at such age leaving no lawful issue, the tract of land 'B' is to go to my brother, J. Martin Rivers, and in case he is not living, it shall be divided equally among his surviving heirs. * * * It is further my last will and testament that should my nephew, George Thomas Rivers, die, leaving lawful heirs. before any of the said heirs arrive at the age of discretion, or legal age, that my nephew, Jacob Henry Rivers, take charge of the property willed to my nephew, George Thomas Rivers, and manage to best advantage said property, duly observing my will in every particular until the oldest child of George Thomas Rivers becomes of age, when he is to be by my will relieved of further care or control of said property." The next clause appoints his two brothers, C. M. and J. M. Rivers, his executors, &c.

The Circuit Judge made the following decree: "Franklin D. Rivers published his will 26 March, 1881, and died 9 June, 1890. This action is brought by his widow to ascertain her rights in testator's estate. The action is heard upon the pleadings. Counsel agree that after the making of his will, testator reinvested the money on hand at the time of its execution, and also accumulated other property, and that they are represented by choses in action and other property. Without here copying any clause of the will, I will state my conclusions of it, so far as the rights of the plaintiff are concerned. She is entitled to occu-

20—36

py . the homestead and to have a comfortable support from the estate of her husband, without reference to any estate she may otherwise own, to be provided by the trustee out of the income of the estate not specifically devised 'which shall remain after payment of testator's debts, and which must be turned over to him by the executor for that purpose. The *corpus* of such remainder is not to be encroached upon for that purpose; but if the income therefrom be not sufficient therefor, then out of the income of the property specifically devised to George Thomas Rivers, and if the income be not sufficient, then out of the *corpus* of such property. She is entitled to no other interest under the will. The gift of the money in hand was only provided she married again, when she had thereby lost the other benefits under the will; but she is entitled as heir at law of testator to the one-half in remainder of the property not specifically devised. The property specifically devised is tracts A and B, the real estate of the testator when he made his will; the note of J. Henry Rivers for a mule or the mule itself; two mules, Dunk and Etta, and whatever stock of cattle and hogs, plantation tools, plows, gears, one wagon, or if more than one, then first choice of wagons, sugar mill and boiler, household and kitchen furniture on hand at testator's death. This, of course, would leave not specifically devised any money, choses in action, after-acquired lands or other property not enumerated. It does not appear whether George Thomas Rivers died before or after the death of the testator. If he died after testator, then he took an absolute estate in the property devised to him, subject to go over if he died under age and without issue; but as he was both over age and left issue, the estate was not divested, but is distributable among his heirs. If he died before testator, then the devise and legacy lapsed and is distributable at the death of plaintiff among the heirs of testator, the plaintiff being entitled to one-half thereof. Let the foregoing opinion stand as the judgment of the court." In the "Case" it is agreed that George Thomas Rivers *died before testator.*

From this decree the executor, the infant child, Mary Ann, of George Thomas Rivers, deceased, and J. Martin Rivers have appealed upon the following grounds: 1. "Because his honor erred in deciding 'That counsel had agreed that after making his will

testator reinvested the money he had on hand at the time of its execution, which is now represented by choses in action and other property.' " So far as this ground of appeal is concerned, it cannot be made to avail appellants. The judge finds it as a fact in his decree. By the agreed statement, the judge's decree is made a part of the "Case" without any qualification. In addition to this, respondent's attorney insists it was so agreed.

2. "Because his honor erred in deciding 'That plaintiff is entitled to a support out of her husband's estate not specifically devised;' whereas he should have decided that she is entitled to a support out of the property specifically devised to George Thomas Rivers, as is plainly set out in the will of testator." The language of the testator in the will here seems to be broad enough to cover this conclusion of the Circuit Judge, for in that part thereof that imposes the duty of providing for the care, support, and maintenance of the plaintiff, Rebecca H. Rivers, the testator requires that George Thomas Rivers keep *his entire property together* during her life or widowhood, * * * and protect and support her comfortably out of the proceeds of his estate, &c. So far, therefore, as this exception is concerned, we fail to discover its merit.

3. "Because his honor erred in deciding that the executor must turn over to the trustee, after the payment of the debts, the property of testator not specifically devised." It is very evident in construing the will of F. D. Rivers, that the testator clearly pointed out his desire that his widow should receive a support from his estate. When a specific devise or bequest excepts certain property from contributing to this end, it is an expression of testator's purpose that must prevail here; and inasmuch as only such specific devises and bequests, and in addition thereto so much of the remainder of his estate as will be necessary to pay his debts, are by the testator himself or by operation of law so excepted, the balance remaining thereafter must be kept together and used for that purpose. This exception must be overruled.

The next four exceptions will be considered together, for reasons that will be hereafter stated. "4. Because his honor erred

in deciding that plaintiff is entitled, as heir at law of testator, to one-half of his property not specifically devised.  5.  Because his honor erred in deciding that the devise and legacy to George Thomas Rivers, if he died before testator, lapsed, and is distributable at the death of plaintiff among the heirs of testator.  6. Because his honor erred in deciding that the property specifically devised to George Thomas Rivers is distributable at the death of plaintiff among the heirs of testator, the plaintiff being entitled to the one-half.  7.  Because his honor erred in deciding in effect that Mary Ann Rivers, the only child of George Thomas Rivers, was not entitled to the property specifically devised to her father, after she arrives at the age of discretion."

It is evident that if the devises and bequests provided in this will for George Thomas Rivers *lapsed* because of his death during the life-time of testator, the Circuit Judge committed no error as alleged in the 4th, 5th, 6th, and 7th grounds of appeal.  The decisions of our State are uniform on the subject of the distribution of estates provided in the will for persons who are not in being when the will operates.  They are said to lapse, and being vested by operation of law in the heirs at law and distributees of the testator, are distributable under the statutes of this State regulating the same.  In such cases, when testator dies leaving no children or their issue, the widow is entitled to one-half, and the remaining half goes to his next of kin, as fixed by such statutes.

But the serious question here presented is, did this devise and bequest under the will to George Thomas Rivers lapse?  He certainly died during the life-time of testator.  If this was all, the estate provided for him would lapse, even if he left a child.  *Cureton* v. *Massey*, 13 Rich. Eq., 104.  Let us see what provisions this will contains on this subject.  Clearly the testator meant a substantial benefit to his nephew, George Thomas Rivers.  To him he confided the most of his estate, and upon him he devolved the heaviest responsibility.  By the terms of the will did this interest cease at his death?  The will provides that in case George Thomas Rivers should die before he reached the age of 21 years, or die leaving no lawful issue after reaching that age, that in that event testator's nephew, Jacob

Henry Rivers, should take his portion and be testator's "lawful heir." Neither of these events occurred, for George Thomas Rivers attained the age of 21 years, and when he died he left a child 5 years old. Look at the provision of the will (folio 41), where these words occur: "It is further my last will and testament that should my nephew, George Thomas Rivers, die leaving lawful heirs, before any of the said heirs arrived at the age of discretion or legal age, that my nephew, Jacob Henry Rivers, take charge of the property willed to my nephew, George Thomas Rivers, and manage to best advantage said property, duly observing my will in every particular until the oldest child of George Thomas Rivers becomes of age, when he is to be by my will relieved of further care or control of said property."

. All of the provisions of the will pertaining to the specific devise and bequest provided for George Thomas Rivers are to be construed together as a whole. And when this is done, and we seek to give effect to the intention of the testator, is it not manifest that the testator intended by these provisions to carve out an estate that should be enjoyed by this favorite nephew himself if alive, but in the event he left a child or children, that such child or children should take such portion? This construction of the will harmonizes all its provisions and makes effectual the testator's intentions. It will be observed how careful this testator was to confine his provisions for his wife's care and support to her widowhood or life. If the contrary view as to his intentions should prevail, the opposite result would obtain, for she will thereby secure a support, even if it should consume in reaching that end the whole of the estate, all but the lands devised to W. M. D. Rivers and the note for a mule given by Jacob Henry Rivers; and not only so, but she will have the one-half absolutely of the balance left at her death. The testator certainly did not intend such a result. We are aware that no argument is to be based upon particular hardships and results of seeming injustice, if the plain intent of the testator requires such results. However that may be, it is legitimate to construe the whole will in order to determine a testator's intention in providing a scheme for the use of his property. We must sustain the exceptions thus grouped.

As Jacob Henry Rivers has refused to accept the trusteeship, it will be necessary to appoint a trustee to hold the property during the minority of Mary Ann Rivers. He should be appointed to hold such property after he has given a bond conditioned to hold and use such property for the support of the plaintiff during the minority of Mary Ann Rivers; and upon her attaining the age of twenty-one years, said trustee shall turn over such property to the said Mary Ann Rivers, to be hers in fee simple, but subject to the same conditions for the support and maintenance of the widow of the testator during her natural life or widowhood.

It is the judgment of this court, that the judgment of the Circuit Court be modified as is herein required, and that the cause be remanded to the Circuit Court to carry into effect the provisions of the judgment of this court.